Claireather M. WILKINS,
Plaintiff–Appellant,

v.

SECRETARY, DEPARTMENT OF
HEALTH AND HUMAN
SERVICES, Defendant–Appellee.

No. 90–1476.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 7, 1990.

Decided Feb. 19, 1991.

As Amended Feb. 27, 1991.

Charles H. Cuthbert, Jr., Cuthbert Law Offices, Petersburg, Va., for plaintiff-appellant.

Robert S. Drum, Asst. Regional Counsel, Office of the General Counsel, Dept. of Health and Human Services, Philadelphia, Pa. (Eileen Bradley, Chief Counsel, Region III, Charlotte Hardnett, Chief, Social Security Litigation Div., Office of the General Counsel, Dept. of Health and Human Services, Philadelphia, Pa., Henry Hudson, U.S. Atty., Robert W. Jaspen, Asst. U.S. Atty., Richmond, Va., on brief), for defendant-appellee.

Before CHAPMAN, WILKINSON and WILKINS, Circuit Judges.

CHAPMAN, Circuit Judge:

Plaintiff-appellant Claireather Wilkins ("Wilkins") appeals the final decision of the Secretary of Health and Human Services ("Secretary") denying her claim for benefits under Title II of the Social Security Act. On appeal, the United States District Court for the Eastern District of Virginia affirmed the Secretary's decision. Wilkins raises two issues before this court: first, whether the district judge abused his discretion in refusing to remand the case to the Secretary with instructions to reconsider evidence submitted after the original hearing; and, second, whether substantial evidence supports the Secretary's decision. After considering each of these issues, we affirm the district judge's decision.

I.

On February 2, 1981, Wilkins, who was then a 34–year–old high school graduate working as a psychiatric aid, strained her neck and shoulder while helping a patient rise from a commode. Wilkins visited Dr. Thomas A. Smith six weeks later, complaining of soreness in her left shoulder and in her hand. Over the next year, Wilkins visited Dr. Smith and other doctors who prescribed various treatments including minor back surgery. Dr. Smith released her to return to work on May 7, 1981. On December 10, 1981, Dr. Smith saw Wilkins for a follow-up examination and again advised her to return to work. In November of 1982, Wilkins began to see Dr. Butterworth, who diagnosed her condition as "post-operative back syndrome." That same year Wilkins was released from Central State Hospital for refusing to return to work.

Prior to her injury in 1981, Wilkins had seen Dr. Liu, a psychiatrist. After her back surgery, Wilkins continued to see Dr. Liu for psychotherapy to treat continued depression. Dr. Liu concluded that Wilkins' job accident was not the primary cause of her depression, and he treated her with supportive psychotherapy. By November of 1981, Wilkins stopped seeing Dr. Liu and did not return to his office until March 1987.

In February of 1982, Wilkins visited another psychiatrist, Dr. Masri, who diagnosed Wilkins' emotional condition as major depression that was work related. In August of 1982, Dr. Masri advised Wilkins that she could return to work.

From 1982 to 1987, Wilkins' medical record is silent except for one entry in August 1985 when she visited another physician, Dr. Stephen Vaughan. Dr. Vaughan gave Wilkins a Pap smear and a tine (tuberculosis) test; the results of both tests were negative. Although the record does not disclose Dr. Vaughan's diagnosis,

he noted that Wilkins was "tolerating [the anti-depressant drug] Elavil O.K," and increased dosage of the drug.[1]

On March 20, 1987, Wilkins filed an application for Social Security disability insurance ("DIB") and for supplemental security income disability benefits ("SSI"). Eight days after filing this complaint, Wilkins went back to Dr. Liu claiming that she had lost the function of her left arm and leg since surgery. She also complained of depression due to the pressure of her job. In December 1987, Dr. Liu, replying to interrogatories drafted by Wilkins' attorney, diagnosed Wilkins as suffering from major depression sufficient to meet the requirements of the Secretary's Listing of Impairment.

On May 20, 1987, at the request of the Secretary, Dr. M.A.M. Tawfick examined Wilkins. Dr. Tawfick found no muscular wasting or weakness in the legs, and rated her strength at five on a scale of 1 to 5. Dr. Tawfick concluded that Wilkins suffered from "chronic back syndrome" but with stable prognosis. The Secretary also had Dr. Penny L. Sprecher, a psychologist, examine Wilkins, and Dr. Sprecher found that Wilkins exhibited no psychomotor abnormality, could function cognitively in the low average range of intelligence, and demonstrated an adequate capacity for abstract thinking. Dr. Sprecher diagnosed Wilkins as suffering from "reactive depression" which Dr. Sprecher attributed to recent disruptions in her family and home. Dr. Sprecher believed, however, that Wilkins could take care of herself and manage her own funds.

On May 4, 1988, Wilkins presented this testimony as evidence of disability. The administrative law judge ("ALJ") issued his decision on June 1, 1988, finding that Wilkins was disabled as of the first day she returned to Dr. Liu on March 28, 1987. The ALJ reasoned that Dr. Masri's medical

evaluations indicated that Wilkins had recovered sufficiently to return to work in 1982 and that there was no medical evidence indicating that she had regressed until Dr. Liu's report of March 28, 1987. Accordingly, the ALJ awarded SSI benefits, but denied DIB benefits.[2]

On June 28, 1988, Wilkins appealed the denial of DIB benefits to the Appeals Council, submitting a letter from Dr. Liu dated June 16, 1988, which was fifteen days after the ALJ released his decision. Dr. Liu's new report stated that Wilkins was disabled prior to December of 1986. Despite this new report, the Appeals Council refused to review the ALJ's decision. In reaching this conclusion, the Council explained:

[T]he Appeals Council has considered ... the additional medical report dated June 16, 1988 by Pung S. Liu, M.D. Although this medical evidence updates the record, it fails to show that your condition precluded your performance of all types of work activity prior to March 28, 1987.

Therefore, the ALJ's decision, and not the denial of review by the Appeals Council, became the final decision of the Secretary. See 20 C.F.R. § 416.1481 (1990).

Wilkins then commenced a civil action in the United States District Court for the Eastern District of Virginia. The parties filed cross motions for summary judgment, and the reviewing magistrate judge filed a proposed opinion granting the Secretary's motion. Before adopting the opinion, the district judge gave Wilkins' attorney an opportunity to file a brief addressing why he had waited four weeks after the ALJ issued his decision before submitting the second letter from Dr. Liu concerning Wilkins' prior disability. This delay occurred even though Dr. Liu had advised Wilkins' attorney of his new opinion as to the onset of her psychological impairment on May 2, 1988, two days before the hearing before

---

1. The record does not specify who had been providing Wilkins with Elavil prescriptions.

2. Title 20 C.F.R. § 404.131(a) requires that a disabled person have "disability insured status" at the time that person files for DIB benefits. Wilkins lost her insured status on December 31,

1986, three months before applying for DIB benefits. Accordingly, unless Wilkins was disabled before 1986, while she was still insured, she was not entitled to DIB benefits. Unlike DIB eligibility, however, SSI eligibility does not depend on disability insured status.

the ALJ. Wilkins' brief, however, was largely unresponsive to his request and the district judge denied the motion to remand. Wilkins appeals.

## II.

■ Wilkins argues that the district judge erred in refusing to remand the case to the Secretary with instructions to reconsider evidence submitted after the ALJ's hearing. This argument raises two issues: first, whether the district judge was required, as a matter of law, to remand the case for reconsideration of Dr. Liu's letter under 20 C.F.R. § 404.970 (1990);[3] and, second, assuming that section 404.970 did not require remand, whether the district judge abused his discretion for failing to remand for reconsideration of new evidence under 42 U.S.C. § 405(g) (1988).

■ The district judge found that the Appeals Council was not required to consider Dr. Liu's letter in denying Wilkins' appeal. This finding was based on 20 C.F.R. § 404.970[4] which reads as follows:

(a) The Appeals Council will review a case if—(1) There appears to be an abuse of discretion by the administrative law judge; (2) There is an error of law; (3) The action, findings or conclusions of the administrative law judge are not supported by substantial evidence; or (4) There is a broad policy or procedural issue that may effect the general public interest.

(b) If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge

hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

The district judge interpreted the statute in the following manner:

A fair reading of the regulation would require that the Appeals Council grant review whenever one of the four conditions listed in subsection (a) are [sic] met. Subsection (b) ... would not be applicable until the Appeals Council granted review under subsection (a). Since the Appeals Council had determined the decision of the ALJ was supported by substantial evidence, it was not *required* to grant review. This is not to say that it could not, in its discretion, have done so. Had the Council granted review, however, it would then have been subject to the limitations on the use of additional evidence contained in subsection (b).

The district judge supported this conclusion by reasoning that the regulation was clearly intended to comply with the congressional intent to limit the consideration of evidence not submitted by a claimant to the ALJ. *See* 52 Fed.Reg. 4001–4004. The district judge explained:

When first considered, the proposed regulation would have precluded consideration of *any* evidence not submitted to the ALJ. As finally adopted, the regulation was designed to *permit* limited consideration of such evidence. There was never a suggestion that the Appeals Council could be *required* to consider it.

The legislative history clearly supports this conclusion. Although the regulation admittedly uses "shall consider," we hold that "shall consider" in section 404.970(b) only requires the Appeals Council to consider new evidence when the Council has first

---

**3.** Wilkins does not argue that the Appeals Council incorrectly denied review under section 404.-970(a), but only that the Council failed to give due consideration to Dr. Liu's letter. Therefore, we may assume that the Council was not required to review the case under section 404.-970(a).

**4.** The district judge actually applied 20 C.F.R. § 416.1470 (1990); however, this section technically only applies to SSI claims. The correct section, 20 C.F.R. § 404.970, is virtually identical to 20 C.F.R. § 416.1470. Therefore, we find that this technical mistake does not affect the correctness of the analysis or the decision.

decided to review the ALJ's decision under section 404.970(a).[5]

This interpretation is supported by the elaborate administrative scheme set up to handle social security claims. When a disability claimant files a claim, the Secretary makes an initial determination based on a review of the claimant's case and an examination by an agency physician. If the claimant disagrees with this determination, the Secretary makes a second determination based on an examination by another agency physician. If the claimant disagrees with this second finding, the claimant can request an evidentiary hearing before an ALJ.

The Social Security Act contemplates that the ALJ's decision will be the final decision of the Secretary. Nevertheless, a claimant may petition the Appeals Council to review the case before appealing to federal district court. The Appeals Council will only review a case that falls within one of the scenarios described in section 404.-970(a):

> (1) There appears to be an abuse of discretion by the administrative law judge; (2) There is an error of law; (3) The action, findings or conclusions of the administrative law judge are not supported by substantial evidence; or (4) There is a broad policy or procedural issue that may effect the general public interest.

20 C.F.R. § 404.970(a).

If a case does not satisfy one of these provisions and the Appeals Council denies review, the hearing decision of the ALJ becomes the "final decision" of the agency. 20 C.F.R. §§ 404.955, 404.981 (1990); see, e.g., Maloney v. Harris, 526 F.Supp. 621 (E.D.N.Y.1980) (in absence of review by Council, ALJ's decision was the final decision of the Secretary), aff'd, 657 F.2d 264 (2d Cir.1981) (unpublished opinion). In such a case, the reviewing federal court looks to the record as considered by the ALJ, not the action of the Appeals Council. See Russell v. Bowen, 856 F.2d 81, 83–84 (9th Cir.1988) (court reviews ALJ's decision based on the evidence available to the ALJ at the time of the decision); Huckabee v. Richardson, 468 F.2d 1380, 1381 (4th Cir. 1972) (reviewing courts are restricted to the administrative record in performing review of the Secretary's decision).

Based on this administrative scheme, it is clear that the purpose of the Appeals Council is not to conduct a second evidentiary hearing. Instead, the Appeals Council exists to review the ALJ's decision as prescribed by section 404.970(b). This scheme encourages claimants, as well as their attorneys, to present their best case before the ALJ.

By following a policy of requiring disability claimants to present their best evidence before the ALJ, we avert a number of problems that would otherwise result. First, this policy decreases the likelihood of piecemeal litigation. If the Council were required to hear new evidence regardless of whether it reviewed the case, the petition to the Appeals Council would in effect give claimants a second evidentiary hearing, and attorneys might be tempted to save their best evidence for the appeal.

Second, this policy of requiring disability claimants to present their best evidence to the ALJ also protects the discretion of the Appeals Council. As explained above, review of ALJ decisions by the Appeals Council is limited to four categories established in section 404.970(a). If section 404.-970(b) required the Appeals Council to consider new evidence, regardless of whether it reviewed the case, the limited review provided by section 404.970(a) would be meaningless. The Council would be required to "review" every case in light of new evidence, regardless of whether the case warranted official review under section 404.970(a).

---

5. This conclusion is bolstered by the language of 20 C.F.R. § 416.1470(b) (1990), the parallel provision to section 404.970(b) for SSI claims. That section is virtually identical to section 404.-970(b) except that it begins with the limiting phrase "In reviewing decisions based on an application for benefits...." Clearly, the drafters intended that section 1470(b) only apply if the Council granted review under section 1470(a), the parallel provision to section 404.970(a). It is unlikely that the drafters of the regulation intended the Appeals Council to treat review requests for SSI claimants differently than for opposed to DIB claimants.

Finally, this policy removes any temptation of trying to bolster a party's case after seeing the decision of the ALJ. Upon reading the adverse opinion of the ALJ, a party will know the weakness of his case and will try to address the weak spots with supplemental evidence. The present facts are a good example of the abuse that will result if section 404.970(b) may be employed without first qualifying under section 404.970(a).

■ We hold that the Appeals Council is not required to consider new evidence under section 404.970(b) unless the Council is required to review the case under section 404.970(a). If a claimant's case falls within one of the categories set forth in section 404.970 requiring mandatory review by the Council, or if the Council, in its limited discretion, grants review, then the Council is subject to the limitations of section 404.970(b).

### III.

Since we hold that section 404.970 did not require the Appeals Council to consider the new report of Dr. Liu, the district court could remand the case for reconsideration

> only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding....

42 U.S.C. § 405(g); *see Borders v. Heckler,* 777 F.2d 954 (4th Cir.1985) (superseded by amendment to statute) (reviewing court may remand a case to the Secretary if four conditions are met: (1) the evidence must be relevant to disability and not merely cumulative; (2) the evidence must be material; (3) claimant must be able to show good cause for submitting the evidence late; and (4) claimant must make a general showing of the nature of the evidence to the reviewing court).

Congress enacted section 405(g) to expedite the social security claims process. As one district court has explained:

> Congress has expressed a desire that disability claims should be disposed of quickly, so that truly needy claimants may have their cases processed without the backlogs caused by needless remands for "new evidence." ... In order to facilitate the speedy disposition of meritorious claims, "new evidence" remands [under section 405(g)] should be narrowly circumscribed.

*Brown v. Schweiker,* 557 F.Supp. 190, 193–94 (M.D.Fla.1983). Following this admonition, we now address whether Dr. Liu's letter constituted "new and material" evidence and whether Wilkins has shown good cause for submitting the evidence late.

■ Although the district judge made no specific finding regarding whether the evidence was new, he doubted whether Wilkins could meet this requirement, since Wilkins knew about all of the information in the letter on May 2, 1988, two days before the ALJ hearing. We find this reasoning persuasive and hold that "new" evidence under section 405(g) does not include evidence available during the pendency of the administrative proceedings, but not submitted to the ALJ. *See Carroll v. Califano,* 619 F.2d 1157, 1162 n. 7 (6th Cir.1980) (opinion letter available at the time of hearing before the ALJ, but not timely submitted, was not "new" evidence).

■ In addition, we hold that Wilkins has not met the "good cause" requirement of section 405(g). Other than arguing that "good cause" is not a requirement for remand, Wilkins has never justified her failure to include Dr. Liu's letter in the record before the ALJ. This appeal is Wilkins' third opportunity to establish good cause, and she has failed to do so again. After issuing his opinion in this case, the district judge granted Wilkins an eleven-day extension for the specific purpose of filing a motion explaining why her attorney had delayed obtaining the letter from Dr. Liu. Even though Wilkins' attorney knew of Dr. Liu's revised opinion before the ALJ hearing, the attorney did not apprise the Secretary of the opinion for 15 days after the ALJ rendered his decision. Yet, the only excuse that Wilkins' counsel could offer was that he could not have known that the evidence submitted to the ALJ would be insufficient to establish a retroactive dis-

ability until the ALJ so ruled. The district judge correctly rejected this argument as frivolous, since the fact that Wilkins' attorney may have misjudged the amount of evidence required to prove the case does not justify failing to submit evidence that Wilkins has characterized in this appeal as "compelling" and "sufficient in itself to prove disability."

As we have already observed, the purpose of the Appeals Council is not to hold a *de novo* hearing. If lawyers receive a "second bite at the apple" every time they misjudge the amount of evidence needed to establish disability, chaos would result and the backlog of pending social security cases will lengthen. Not only would such a policy encourage piecemeal litigation, but it would also tempt lawyers to save their most compelling evidence for the Appeals Council. Accordingly, we find that Wilkins has not presented any reasonable justification for failing to submit the additional evidence to the ALJ, and we hold that, under section 405(g), the district judge did not abuse his discretion in refusing to remand the case for reconsideration in light of this evidence.

### IV.

■ Even though the district court did not err for failing to remand the case for reconsideration in light of Dr. Liu's letter, we must still address whether the ALJ's decision was supported by substantial evidence. 42 U.S.C. § 405(g) (1980) ("The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive."). As previously explained, if the Appeals Council denies review, the ALJ's decision is considered the Secretary's final decision, and a federal court's review of the case is limited to whether substantial

evidence supports the decision of the ALJ at the time the decision is rendered.

Wilkins argues that the decision was not supported by substantial evidence because Dr. Liu's letter should have been given "great weight." We have held that the Secretary can consider retrospective opinions of treating physicians. *See, e.g., Young v. Bowen*, 858 F.2d 951, 956 (4th Cir.1988); *Wooldridge v. Bowen*, 816 F.2d 157, 160 (4th Cir.1987). Further, we have held that the opinion of a treating physician should be accorded "great weight" in evaluating a claimant's disability. *Mitchell v. Schweiker*, 699 F.2d 185, 187 (4th Cir.1983). Accordingly, if Dr. Liu had given his retrospective opinion after he examined Wilkins on March 28, 1987 and before the ALJ had rendered his decision, Dr. Liu's opinion would have been persuasive evidence of Wilkins' disability as of December of 1986.[6]

In this case, however, the retrospective opinion did not come until after the ALJ had ruled that Wilkins was not disabled until March 28, 1987. Since our review of the evidence of this case must be limited to the record before the ALJ, Dr. Liu's letter is irrelevant to our determination of whether substantial evidence supported the ALJ's decision at the time the decision was rendered.

Aside from Dr. Liu's late letter, Wilkins presented little evidence in support of her claim of disability prior to December 31, 1986. She bore the burden of proving that she was disabled prior to the expiration of her insured status. *See Blalock v. Richardson*, 483 F.2d 773, 775 n. 3 (4th Cir. 1972). The Secretary presented substantial evidence that Wilkins was not disabled in 1986. Dr. Liu's opinion was based on Wilkins' condition in 1981. There is evidence that Wilkins was not uniformly disabled from 1981 to 1986. In 1982, Dr. Masri

---

**6.** We note, however, that even if the ALJ should have considered Dr. Liu's letter, that evidence alone would not have conclusively established Wilkins' disability. Dr. Liu's opinion was primarily based on examinations occurring in 1981 and examinations occurring after Wilkins had filed for disability benefits. Further, Wilkins' disability, major depression, is by its nature episodic. American Psychiatric Assoc., *Diagnostic & Statistical Manual of Mental Disorders*

228–29 (rev. 3d ed.). Therefore, retrospective opinions based on examinations from several years prior could not be relied upon exclusively. Moreover, the Appeals Council did consider Dr. Liu's letter in denying review and specifically noted that the evidence failed "to show that [Wilkins'] condition precluded [her] performance of all types of work activity prior to March 28, 1987."

recommended that Wilkins return to work after one bout with depression, and Dr. Vaughan noted that Wilkins was responding favorably to the Elavil in 1985. In 1987, when Dr. Sprecher examined Wilkins, she found that Wilkins exhibited no psychomotor abnormality, could function cognitively in the low average range of intelligence, and demonstrated an adequate capacity for abstract thinking. In addition, Wilkins stated to Dr. Sprecher that she had been responsible for caring for her sister-in-law's child.

These events do not prove that Wilkins suffered from no depression during this time. However, they do support the ALJ's decision that Wilkins was not "severely disabled" as a result of her depression until March 28, 1987, when Wilkins returned to Dr. Liu for treatment. While the ALJ's finding of disability on March 28, 1987, rather than three months before, December 31, 1986, appears arbitrary, the ALJ awarded benefits on the earliest date that there was objective medical evidence of a disabling level of depression. *See Mims v. Califano*, 581 F.2d 1211, 1215, n. 10 (5th Cir. 1978) ("We choose the date when appellant first entered the hospital because on this date we first have objective medical evidence of a physical impairment serious enough to result in disability.").

Wilkins argues that the agency doctors' opinions could not amount to substantial evidence since none of the agency doctors had been an examining physician. *See Bolling v. Bowen*, 682 F.Supp. 864, 866 (W.D.Va.1988) (physician cannot determine person's mental capacity without an examination). Wilkins contends that since the opinions of the agency doctors were the only evidence before the ALJ, substantial evidence could not have supported the decision.

This argument ignores the fact that, in this case, the state agency doctors did examine Wilkins before making their conclusions. The *Bolling* case did not involve an *examining* but *non-treating* physician; that case concerned a *non-examining, non-treating* physician who formed an opinion based on the reports of examina-

tions by other doctors. Accordingly, we find that the opinions of the Secretary's examining physicians constitute substantial evidence in support of the ALJ's decision.

For the above reasons, the district court's decision refusing to remand the case to the Secretary and to uphold the ALJ's decision denying DIB benefits is

AFFIRMED.