**Roger L. BAKER, Plaintiff,**

v.

**Shirley S. CHATER, Commissioner of Social Security, Defendant.**

**Civil Action No. S–95–2984.**

United States District Court, D. Maryland.

Aug. 8, 1996.

Anthony R. Magnini, Baltimore, MD, for Plaintiff.

Lynn A. Battaglia, U.S. Atty., Allen F. Loucks, Asst. U.S. Atty., Baltimore, MD, for Defendant.

## MEMORANDUM

KLEIN, United States Magistrate Judge.

Plaintiff brought this action under § 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), and § 1631(c)(3) of the Act, 42 U.S.C.A. § 1383(c)(3), *as amended*, for review of a final decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Currently before the Court are the parties' cross Motions for Summary Judgment, Paper Nos. 14 & 15, Defendant's Request for Oral Argument, Paper No. 15, and Plaintiff's Response to the Defendant's Memorandum of Points and Authorities in Support of her Motion for Summary Judgment, Paper No. 16.

Judge Frederic Smalkin referred this matter to the undersigned to resolve the Motions for Summary Judgment pursuant to 28 U.S.C. § 636(b) and Local Rules 301 and 302. Paper No. 9. The parties consented to the trial of this matter before a United States Magistrate Judge under 28 U.S.C. § 636(c). Paper No. 10. No hearing is necessary. Local Rule 105.6.

On October 3, 1991, plaintiff filed his applications for DIB and SSI, alleging that he had become disabled on April 3, 1991. Tr. 37–39, 44–60. His claims were denied originally and upon reconsideration. Tr. 41–43, 62–64, 68–70, 72–74. Upon request, and after a brief hearing held before Administrative Law Judge Jan Michalski on May 6, 1993, Tr. 194, a more extensive hearing was held before Administrative Law Judge Charles Dirlam ("ALJ"), at which plaintiff was represented by counsel. Tr. 198–224.

On December 28, 1994, the ALJ found plaintiff not entitled to a period of disability or disability insurance benefits under §§ 216(i) and 223, respectively, of the Act, and not eligible for SSI under §§ 1602 and 1614(a)(3)(A) of the Act. Tr. 21–27. On August 30, 1995, the Appeals Council denied plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final, reviewable decision of the Commissioner. Tr. 6–7.

## I. STANDARD OF REVIEW

The function of the Court is not to review a DIB or SSI claim *de novo,* but rather to leave the findings of fact to the Commissioner and to determine upon the whole record whether the Commissioner's decision is supported by substantial evidence. *Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir.1987); 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla but less than a preponderance of the evidence presented. *Laws v. Celebrezze,* 368 F.2d 640, 642 (4th Cir.1966). It is such evidence which a reasoning mind would accept as sufficient to support a particular conclusion. *Id.* Ordinarily, if there is substantial evidence to support the decision of the Secretary, then that decision must be upheld. *Smith v. Schweiker,* 795 F.2d 343, 345 (4th Cir.1986); *Cook v. Heckler,* 783 F.2d 1168, 1172 (4th Cir.1986); *Blalock v. Richardson,* 483 F.2d 773, 775 (4th Cir.1972); 42 U.S.C. § 405(g). After review, the Court is empowered to affirm, modify, or reverse the Commissioner's decision, with or without remanding the cause for a rehearing. *Vitek v. Finch,* 438 F.2d 1157, 1158 (4th Cir.1971); 42 U.S.C. § 405(g).

The Commissioner has promulgated regulations that set forth a sequential, five-step process for § 416.920 (1991); *see also Bowen v. Yuckert,* 482 U.S. 137, 140–42, 107 S.Ct. 2287, 2290–92, 96 L.Ed.2d 119 (1987) (describing the process). First, the Commissioner determines whether the claimant is

engaged in "substantial gainful activity" as defined in §§ 416.971 *et seq.* If such determination is positive, no disability will be found. §§ 404.1520(b), 416.920(b).

If such determination is negative, the Commissioner proceeds to step two, where he considers the physical and mental impairments of the claimant, severally and in combination. The impairments must meet the durational requirement, §§ 404.1509, 416.909, and be severe, §§ 404.1520(c), 416.920(c). If they do not, no disability will be found. §§ 404.1509, 416.909, 404.1520(c), 416.920(c).

If he determines that the claimant's impairments are severe and of sufficient duration, the Commissioner then proceeds to the third step, the consideration of whether the impairments, either severally or in combination, meet or equal an impairment listed in 20 C.F.R. pt. 404, subpt. P, App. 1 (1991), the so-called Listing of Impairments ("LOI"). §§ 404.1520(d), 416.920(d). If one of the listings is met, disability will be found without consideration of age, education or work experience. §§ 404.1520(d), 416.920(d).

If a listing is not met, the Commissioner moves to the fourth step, and considers whether the claimant retains the residual functional capacity to perform past relevant work. §§ 404.1520(e), 416.920(e). A positive answer means that the claimant is not disabled. §§ 404.1520(e), 416.920(e).

A negative answer requires the Commissioner to proceed to the fifth and final step, which requires the consideration of whether, in view of the claimant's vocational factors such as age, education and work experience, and of his residual functional capacity, the claimant is capable of other work in the national economy. The claimant is entitled to disability benefits only if the answer is "no". §§ 404.1520(f), 416.920(f).

In determining the answer, the burden of proof shifts to the Commissioner, who must establish that the claimant retains the residual functional capacity to engage in an alternative job existing in the national economy. *McLain v. Schweiker,* 715 F.2d 866, 868–69 (4th Cir.1983); *Wilson v. Califano,* 617 F.2d 1050, 1053 (4th Cir.1980). The Commissioner must prove both the claimant's capacity

and the job's existence. *Grant v. Schweiker,* 699 F.2d 189, 191 (4th Cir.1983). Before the Commissioner may conclude that the claimant can perform alternative skilled or semi-skilled work, he must show that the claimant possesses skills that are transferable to those alternative positions. *McLain v. Schweiker,* 715 F.2d at 869.

The Medical–Vocational Guidelines, as defined in pt. 404, subpt. P, App. 2 ("Guidelines"), provide the applicable rules in determining whether a claimant is disabled. Where findings of fact concerning a claimant's vocational factors and residual functional capacity coincide with all the criteria in a rule, and the claimant suffers from only exertional types of impairments, that rule directs the conclusion of the claimant's disability status. Guidelines, § 200.00(a); *Grant v. Schweiker,* 699 F.2d 189, 192 (4th Cir.1983).

However, the rules do not direct conclusions of disability status for individuals with nonexertional types of impairments. Guidelines, § 200.00(e)(1); *Grant v. Schweiker,* 699 F.2d at 192. In such cases, the Commissioner may be required to solicit vocational expert ("VE") testimony in order to reach a proper conclusion. *See Taylor v. Weinberger,* 512 F.2d 664, 668–69 & n. 9 (4th Cir.1975). Nor do the rules direct a conclusion if a claimant's specific vocational profile is not listed within Appendix 2; e.g., if the claimant's residual functional capacity falls between two ranges of work indicated in the rules. Guidelines, § 200.00(d). Nor, finally, do the rules direct such conclusions if any one of the findings of fact does not coincide with the corresponding criterion of a rule. Guidelines, § 200.00(a). In such cases, the claimant's disability status "is decided on the basis of the principles and definitions in the regulations, giving consideration to the rules for specific case situations in Appendix 2." Guidelines, § 200.00(d). Further, in such cases full consideration must be given to all of the relevant facts of the case in accordance with the definitions and discussions of each factor in the appropriate sections of the regulations. Guidelines, § 200.00(a).

## II. THE ALJ'S DECISION

The ALJ denied plaintiff's claim at the fifth step of the process, finding that plaintiff

retains the residual functional capacity to perform light work. Tr. 24; Finding No. 7. In support thereof, the ALJ made, *inter alia,* the following findings: 1) plaintiff had not engaged in substantial gainful activity since April 3, 1991, Finding No. 2; 2) plaintiff does not have an impairment listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4, Finding No. 3; 3) plaintiff has the residual functional capacity to perform the physical exertion requirements of work except for lifting or carrying of objects weighing more than twenty pounds and working in an environment with concentrated exposure to fumes, odors, dust, gas, poor ventilation, etc., Finding No. 5; 4) plaintiff is unable to perform his past relevant work, Finding No. 6; 5) plaintiff was a "person closely approaching advanced age" at the time of his date last insured, Finding No. 8; 6) plaintiff has a "limited" eighth grade education, Finding No. 9; 7) plaintiff does not have any acquired work skills which are transferable to other skilled or semiskilled work activities, Finding No. 10; 8) § 404.1569 of Regulations No. 4 and § 416.969 of Regulations No. 16 and Rule 202.10, Table No. 2 of Appendix 2, Subpart P, Regulations No. 4, direct a conclusion that, considering the claimant's residual functional capacity, age, education, and work experience, he is not disabled, Finding No. 11.

### III. ANALYSIS

In support of plaintiff's assertion that the Commissioner's decision is unsupported by substantial evidence, plaintiff alleges four procedural deficiencies in the Commissioner's method of obtaining his final decision. The alleged procedural deficiencies are addressed first, the general level of supporting evidence second.

Plaintiff first argues that it was erroneous for the ALJ not to have submitted a Psychiatric Review Technique Form ("PRTF"). Plaintiff's Brief at 7–9. The Court finds this argument to be without merit. 20 C.F.R. § 404.1520a(a), in conjunction with § 404.1520a(d), provides that "in evaluating the severity of mental impairments . . . , a special procedure must be followed by [the Commissioner] at each level of administrative review," such procedure including the submission of a PRTF. The necessary implication of the regulation, of course, is that no PRTF is required if there is no evidence of a mental impairment.

■ Here, however, there arguably is some evidence of mental impairment, although far from enough to call into question the ALJ's finding that plaintiff has no mental impairment. Thus, the Court addresses the following issue of first impression for the federal courts [1]: whether mere failure to submit a PRTF would necessarily constitute reversible error if it were clear from the decision that the ALJ had properly evaluated the impairment.

Chronic alcoholism and depression are recognized as mental impairments such as would make gainful employment impossible. See *King v. Califano,* 599 F.2d 597, 599 (4th Cir.1979); *Wilkins v. Secretary, Dep't of Health and Human Services,* 925 F.2d 769 (4th Cir.1991). Evidence of plaintiff's alleged alcoholism and depression are documented in the Transcript at Tr. 111, 114, 133, 169 & 188. Further, in view of that evidence, Administrative Law Judge Michalski, who presided at the first hearing held in plaintiff's case on May 6, 1993, Tr. 194, remanded the case to the Maryland State Agency for psychiatric evaluation. *Id.*

However, plaintiff later testified that he had overcome his alcoholism, and had been dry since the April, 1991 incident with his employer in which he was eventually found guilty of reckless endangerment. Tr. 218–19, 222. An alcoholic's testimony as to his ability to control his drinking is considered unreliable, unless he also has demonstrated the ability to control his alcoholism. *See Swaim v. Califano,* 599 F.2d 1309, 1312 (4th Cir. 1979); *Adams v. Weinberger,* 548 F.2d 239,

1. The Eighth Circuit has come close. *See Pratt v. Sullivan,* 956 F.2d 830, 834 n. 8 (8th Cir.1992) (explicitly reserving the question); *Hardy v. Chater,* 64 F.3d 405, 408 (8th Cir.1995) (stating in dicta that where there is little evidence of mental impairment, and the PRTF is filled out by the ALJ without the help of a mental health specialist, the ALJ's completion of the PRTF was "little more than a formality").

245. (8th Cir.1977). Plaintiff has so demonstrated. As the Transcript indicates, he has remained sober at least since April 4, 1991, the alleged onset date of his disability. *See* Tr. 109–112, 167, 188 (noting only a 'history' of alcoholism). Although Judge Michalski thought a PRTF was necessary regarding plaintiff's historical problems with alcohol abuse, evidence that developed after her order shows that plaintiff no longer had, or has, a mental impairment resulting from such abuse.

Further, while Dr. Franklin, upon examining plaintiff's ears, nose and throat, gave a diagnosis of depression, he provided no basis for such a finding. Tr. 111. Nor did he assert that it had any effect on plaintiff's functional ability. The diagnosis was not corroborated by any of the other physicians who examined plaintiff. Finally, plaintiff never testified to or alleged any feelings of depression or any mental impairment resulting from depression.

Accordingly, the Commissioner's finding that a mental impairment was not involved was correct from the evidence. In this circumstance, a PRTF would have been "little more than a formality," *Hardy,* 64 F.3d at 408, and is held to be unnecessary. Further, this treatment of alleged mental impairments most likely comports with the intent underlying 20 C.F.R. § 404.1520a(a). If that section of the regulations is to perform its intended purpose, it seems that it should not be read as mandating the use of forms that add nothing to the process. Cf. *Smith v. Schweiker,* 719 F.2d 723, 725 (4th Cir.1984) (holding that if the Guidelines are to serve their intended purpose, their use cannot be defeated by alleged nonexertional impairments if the Commissioner finds them so insignificant as not to impair the claimant).

■ Plaintiff's second argument is that the Commissioner failed to give proper weight to the medical opinions of Drs. Bollino and Tan. Plaintiffs Brief at 9–10. The Court finds this argument to be without merit. The final responsibility for deciding factual issues such as whether a claimant's impairments meet or equal the requirements of any

impairments in the LOI is reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2). Further, a statement by a physician that a claimant is "disabled" or "unable to work" is not determinative of the claimant's disability status. 20 C.F.R. § 404.1527(e)(1). Finally, "[Fourth] Circuit precedent does not require that a treating physician's testimony be given controlling weight." *Craig v. Chater,* 76 F.3d 585, 590 (4th Cir.1996) (internal quotation marks omitted). Rather, 20 C.F.R. §§ 404.1527(d)(2) & 416.927(d)(2) provide that the Commissioner will give a physician's opinions controlling weight if he finds that the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." The necessary implication, of course, is that if a physician's opinion is not supported by clinical evidence, or if it is inconsistent with other substantial evidence, it should be accorded less weight. *Craig, supra* at 590.

■ Here, Drs. Bollino and Tan presented conclusory opinions that plaintiff was disabled [2] and had "no work capacity." Tr. 134, 137. The doctors did not explain why the impairments they found precluded plaintiff from working. *See id.* Under *Craig, supra,* at 590, the conclusory nature of the opinions is enough to justify the ALJ's less than complete deference to the opinions. Further, Dr. Bollino's opinion is inconsistent with the medical reports and examinations by Dr. Tan, Dr. Franklin, Dr. Fadl, Ms. Clulee and Dr. Bollino's own June 18, 1993 medical report. Exhs. 20–23, 25–26, 29. None of the latter health care providers found plaintiff completely disabled or unemployable. In addition, in his June 1993 report, Dr. Bollino stated that plaintiff had no end-organ damage, and that he could bear weight, walk on his heels and toes, bend, squat, and had normal station. Tr. 166. Thus, the Commissioner's decision not to give controlling weight to the opinions of Drs. Bollino and Tan was a permissible exercise of discretion.

---

**2.** Dr. Tan did not find plaintiff permanently disabled; rather, he thought plaintiff's condition was temporary and that his inability to work would last fewer than twelve months. Tr. 137.

■ Plaintiff's third argument is that the Commissioner failed properly to consider the combined effects of plaintiff's impairments in her decision. Plaintiff's Brief at 10–11. The Court finds this to be without merit. In evaluating the effect of various impairments upon a disability benefit claimant, the Commissioner must consider the combined effect of a claimant's impairments and not fragmentize them. *Walker v. Bowen,* 889 F.2d 47, 50 (4th Cir.1989). As a corollary, the Commissioner must adequately explain his evaluation. *Id.*

The Commissioner did so here. She found that plaintiff's impairments, taken together, imposed a significant limitation on plaintiff's ability to engage in work-related activities on a sustained basis. Tr. 22. Further, she found that plaintiff's impairments, taken together, did not meet or equal the criteria of any relevant listing in the LOI. *Id.* Finally, in finding plaintiff has a capacity to perform light work, the Commissioner considered plaintiff's gait; the freedom of motion in plaintiff's upper and lower extremities, lumbar spine and cervical spine; any evidence of sensory or motor deficits; plaintiff's sensorineural hearing loss and its treatability with hearing aids; plaintiff's chronic obstructive pulmonary disease and its treatability with bronchodilators; plaintiff's high blood pressure and its treatability with prescription medication; plaintiff's claims of pain; and any evidence of end-organ damage. There is no evidence that the Commissioner failed to consider the combined effect of these conditions in her evaluation of plaintiff's residual functional capacity.

■ The Court finds without merit plaintiff's fourth argument, that the Commissioner erred in not obtaining the testimony of a VE before applying the Guidelines to plaintiff's impairments. Plaintiff's Brief at 11–16. As plaintiff points out, where a claimant

> demonstrates the presence of nonexertional impairments, the Commissioner, in order to prevail, must be required to prove by expert vocational testimony that, despite [the claimant's] combination of nonexertional and exertional impairments, specific jobs exist in the national economy which he can perform.

*Grant v. Schweiker,* 699 F.2d 189, 192 (4th Cir.1983). However, not every malady of a "nonexertional" nature rises to the level of a "nonexertional impairment." *Smith v. Schweiker,* 719 F.2d at 725. Rather, the proper inquiry is whether a given nonexertional condition affects the claimant's residual functional capacity to perform work of which he is exertionally capable. *Id.* If the condition has that effect, it is properly viewed as a "nonexertional impairment," thereby requiring the use of a VE. *Id.* If it does not, no testimony from a VE is necessary. *Id.*

■ Here, the Commissioner found plaintiff's nonexertional conditions not to preclude plaintiff from performing light work. *See ante* at 81. Plaintiff's hearing loss and breathing impairment were found to be adequately treated. His medical restriction to avoid excessive amounts of contaminants does not affect his light work ability. His allegations of pain were found credible only to the extent that they precluded him from performing work requiring a higher residual functional capacity than for light work. *Id.* Thus, plaintiff's nonexertional conditions amounted to less than an impairment, and it was proper for the Commissioner to apply the Guidelines without the testimony of a VE.

Finally, the Commissioner's decision is supported by substantial evidence. The capacity to perform light work is defined as the ability to do "substantially all" of lifting up to twenty pounds at a time, frequent lifting or carrying of objects weighing up to ten pounds, a good deal of walking or standing, and sitting most of the time with some pushing and pulling of arm or leg controls. 20 C.F.R. §§ 404.1567(b), 416.967(b). The Commissioner found none of plaintiff's conditions prevented him from performing such work. Tr. 24–25. The court finds that, in light of the above analysis, a reasoning mind would accept the evidence on record as sufficient to support the Commissioner's conclusion. *Laws v. Celebrezze,* 368 F.2d at 642. Thus, under *Smith v. Schweiker,* 795 F.2d at 345, it is bound to uphold the Commissioner's decision.

### IV. CONCLUSION

For the foregoing reasons, a separate Order will be entered granting the Commissioner's Motion for Summary Judgment and denying the Claimant's Motion or Summary Judgment in accordance with this Memorandum.