960 F.2d 146
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gerald JACKSON, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 91-2657.
 United States Court of Appeals,
Fourth Circuit.
 Argued: February 6, 1992
Decided: April 20, 1992
 
 ARGUED: Lewis Eric Gelobter, Legal Services of Northern Virginia, Inc., Leesburg, Virginia, for Appellant.
 Robert S. Drum, Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services, Philadelphia, Pennsylvania, for Appellee.
 ON BRIEF: Eileen Bradley, Chief Counsel, Region III, Office of the General Counsel, Department of Health and Human Services, Philadelphia, Pennsylvania; Richard Cullen, United States Attorney, Alexandria, Virginia, for Appellee.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, ERVIN, Chief Judge, and NIEMEYER, Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Gerald Jackson appeals a district court's ruling denying him attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Jackson contends that he is entitled to attorney's fees as the prevailing party in his action for Social Security benefits against Louis W. Sullivan, Secretary of Health and Human Services (the "Secretary"). We affirm the order of the district court.
 
 I.
 
 2
 On September 11, 1986, Gerald Jackson applied for Social Security disability insurance benefits and Supplemental Security Income, claiming that he had been unable to work since January 5, 1986. After Jackson's initial applications were rejected, he appeared before an Administrative Law Judge (the "ALJ") for an administrative hearing on September 17, 1987.
 
 
 3
 At the hearing, Jackson complained of chest pain, shortness of breath, and numbness and cramps in his legs. Jackson had also tested positive for the presence of an AIDS-related antibody, but the diagnosing doctor, noting that Jackson had not exhibited any symptoms of that disease, concluded that Jackson "did not meet the clinical diagnostic criteria for AIDS."
 
 
 4
 The ALJ found that Jackson was forty-nine years old, with a limited education, and a residual functional capacity limited to sedentary work. Applying the Secretary's medical vocational guidelines (the "grids"), the ALJ determined that Jackson was not disabled and denied Jackson's benefits. The Social Security Administration Appeals Council declined review, and Jackson appealed to the United States District Court for the Eastern District of Virginia. The matter was referred to a magistrate. On February 16, 1989, the magistrate issued a recommendation that the administrative determination be reversed because: 1) the ALJ had relied exclusively on the grids, despite the fact that some of Jackson's alleged disabilities were nonexertional in nature; 2) the ALJ had applied the grids "mechanically," classifying Jackson in the 45-49 year-old range despite the proximity of his fiftieth birthday; and 3) the ALJ had not honored Jackson's request for a consultative examination by a physician experienced with treating AIDS cases. The district court adopted the magistrate's report, reversed the administrative determination, and remanded the case to the ALJ. The ALJ held further proceedings, but again denied Jackson's claims. This decision was reversed by the Appeals Council, and the case was remanded to another ALJ who, on March 13, 1991, finally awarded Jackson his benefits. On April 15, 1991, Jackson applied to the district court, under the EAJA, for $5,409.06 in attorney's fees and costs related to the appeal to that court. The district court denied the application, finding the Government's position to have been "substantially justified." Jackson appeals.
 
 II.
 The EAJA provides:
 
 5
 Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
 
 
 6
 28 U.S.C. § 2412(d)(1)(A). The court below did not award Jackson fees, ruling that the position of the Government had been "substantially justified." We review this determination for abuse of discretion. Pierce v. Underwood, 487 U.S. 552, 563 (1988).
 
 
 7
 This court has consistently held that the evaluation of whether a Government position was substantially justified depends upon whether or not that position had a reasonable basis both in fact and law. E.g., Pullen v. Bowen, 820 F.2d 105, 108 (4th Cir. 1987). This standard is in accord with the recent pronouncement of the Supreme Court. Pierce, 487 U.S. at 565. The Pierce Court stated that "substantially justified" means "justified in substance or in the main" rather than "justified to a high degree," and that even losing arguments could commonly be found to be "substantially justified." Id. at 565-69.
 
 
 8
 In this case we are asked to evaluate the validity of the Government's position, before the district court, that the ALJ had correctly determined that Jackson was not entitled to Social Security benefits. As outlined above, the district court rejected the Government's position on three alternative grounds. The parties apparently agree that these three grounds are the strongest arguments against the reasonableness of the Government's position. We will address each argument in turn.
 
 
 9
 First, the district court remanded the case to the ALJ on the ground that Jackson should have been afforded an additional consultative examination by an AIDS specialist. Jackson does not seriously contest the validity of the Government's position on this issue. As the ALJ explained on remand, one of the doctors who had already examined Jackson, Dr. Lawrence Eron, was the same individual upon whom the Secretary generally relied for expert evaluation of AIDS-related claims in the Northern Virginia area. Thus, although the magistrate was not made aware of Dr. Eron's professional qualifications, an additional consultative examination would have been entirely duplicative. As a result, the Government's argument that additional examinations were unnecessary was clearly a "substantially justified" position.
 
 
 10
 The other two grounds upon which the district court remanded the case relate to the ALJ's application of the grids. Jackson contests the validity of the Government's position with respect to both these issues. First, Jackson disputed his age classification under the grids. At the time of the original ALJ hearing Jackson was 49 yearsand six months-old. The date of the ALJ's original decision was six days before Jackson's fiftieth birthday. The district court ruled that in light of the regulations establishing the grids, 20 C.F.R. 404.1563(a) ("we will not apply these age categories mechanically in a borderline situation") and the cases dealing with age classification, e.g., Kane v. Heckler, 776 F.2d 1130 (3d Cir. 1985) ("Where a procrustean application of the grids results in a case that, but for the passage of a few days, would be decided differently, such an application would appear to be inappropriate."), the proximity of Jackson's fiftieth birthday made his classification as a 49 year-old unreasonable.*
 
 
 11
 While the district court may have accepted Jackson's argument on the merits, Jackson bears the heavier burden, in order to obtain attorney's fees, of showing that the Government's position was not substantially justified. To succeed in his present contention, therefore, Jackson must show that the Government was not substantially justified in arguing that Jackson should be classified as a forty-nine yearold, when Jackson was in fact forty-nine years-old. Merely stating Jackson's burden shows the absurdity of his position. To the extent that any authority is necessary to refute this position, the Sixth Circuit has made the observation that "[t]he fact that the age categories are not to be applied mechanically ... obviously does not mean that a claimant must be moved mechanically to the next age category whenever his chronological age is close to that category." Crady v. Secretary of Health & Human Services, 835 F.2d 617, 622 (6th Cir. 1987).
 
 
 12
 The final ground upon which the district court remanded the case was the ALJ's exclusive reliance on the grids, despite the fact that Jackson alleged certain non-exertional disabilities including fatigue and chest and leg pain. The law of this circuit is clear that when a claimant has a non-exertional disability, the ALJ cannot rely exclusively on the grids, but must solicit testimony from a vocational expert regarding whether the claimant's disability would preclude him or her from obtaining alternative work. See, e.g., McLain v. Schweiker, 715 F.2d 866, 869-70 n.1 (4th Cir. 1983).
 
 
 13
 What Jackson overlooks is that before this line of cases becomes applicable, the ALJ must make a factual determination that the claimant does actually suffer from a non-exertional disability. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983) (vacating and remanding case because ALJ had "made no specific findings as to whether or not [the non-exertional disabilities] indeed exist" prior to applying the grid). Thus, the mere allegation of a non-exertional disability is insufficient to place an applicant outside the ambit of the grids. In the present case, the ALJ specifically found that "[t]here are no nonexertional limitations." Decision at 6. While the magistrate was within her authority to recommend overturning this determination, presumably because the ALJ did not sufficiently investigate Jackson's subjective allegations of physical pain, the Government was certainly justified in arguing that the ALJ's factual finding was correct.
 
 III.
 
 14
 Although the district court overturned the ALJ's initial decision on three alternative grounds, we find that, as to each argument, the Government was "substantially justified" in defending the ALJ's decision. Consequently, the district court did not abuse its discretion in declining to award fees under the EAJA. The district court's ruling, denying Jackson attorney's fees under the EAJA, is hereby
 
 
 15
 AFFIRMED.
 
 
 
 *
 While classification as a fifty year-old would not have automatically entitled Jackson to benefits, it would have necessitated a determination by the ALJ as to whether Jackson's vocational skills were "transferable." Before the district court, Jackson argued that his case should be remanded for a determination by the ALJ on the issue of transferability. The district court agreed