966 F.2d 1444
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Denver R. SILCOX, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 91-2164.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 29, 1992
Decided: June 25, 1992
 
 Otis R. Mann, Jr., Clifford, Mann & Swisher, L.C., Charleston, West Virginia, for Appellant.
 Eileen Bradley, Chief Counsel, Region III, Jan M. Lundelius, Assistant Regional Counsel, United States Department of Health and Human Services, Philadelphia, Pennsylvania; Michael W. Carey, United States Attorney, Carol A. Casto, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and MURRAY, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Denver R. Silcox appeals from an order of the district court affirming the Secretary's denial of his claim for disability insurance benefits and supplemental security income. 42 U.S.C. § 405(g) (1988); 42 U.S.C.A. § 1383(c) (West 1992). Because we conclude that the Secretary's denial was based on substantial evidence, we affirm the judgment of the district court.
 
 
 2
 Silcox filed an application for disability and supplemental security income benefits on October 22, 1987. In his claim for benefits, Silcox alleged that his disability commenced on May 14, 1984, as a result of a back injury. By the time he submitted his application, Silcox had undergone surgery on three different occasions for herniated spinal discs. At a hearing before an administrative law judge, Silcox testified that he suffers from leg, hip, and back pain requiring daily pain medication. Silcox also stated that he takes Valium three or four times each week for muscle spasms in his lower back. Although the ALJ concluded that Silcox's impairment would prevent him from returning to his former employment in the coal industry, he determined that Silcox retained the residual functional capacity to perform certain light work and that he was, therefore, not disabled within the meaning of the Social Security Act. This conclusion was based on the testimony of a vocational expert who opined that, assuming Silcox suffered mild chronic pain, he would still be able to perform a variety of light and sedentary jobs such as cashier or machine operator.
 
 
 3
 Judicial review of a denial of disability benefits under the Social Security Act is limited to determining whether the findings of the Secretary are supported by substantial evidence. 42 U.S.C. § 405(g) (1988); Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Substantial evidence is defined as that "which a reasoning mind would accept as sufficient to support a particular conclusion." Id. at 642. To establish eligibility for disability benefits, a claimant must prove that he is unable to perform his previous work. See McLain v. Schweiker, 715 F.2d 866 (4th Cir. 1983). The burden then shifts to the Secretary to show that the claimant "has sufficient residual functional capacity to engage in an alternative job existing in the national economy." Id. at 869. The Secretary met this burden through the testimony of a vocational expert that an individual with Silcox's age and experience could perform certain specific jobs, despite the limitations imposed by his back condition. In addition, we note, as did the district court, that none of Silcox's physicians has ever opined that he is totally disabled.
 
 
 4
 Therefore, we affirm the decision of the district court.
 
 AFFIRMED