47 F.3d 1164
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Rose Mary CARTER, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 94-1782.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 31, 1995.
Decided Feb. 15, 1995.
 
 Charles D. Bennett, Jr., Roanoke, VA, for Appellant. Charlotte Hardnett, Dorothea J. Lundelius, Margaret J. Krecke, UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES, Helen Fahey, United States Attorney, Debra J. Prillaman, Assistant United States Attorney, Richmond, VA, for Appellee.
 Before HALL and MOTZ, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Rose Mary Carter appeals the decision of the district court granting summary judgment to the Secretary of Health and Human Services, and upholding the Secretary's denial of Carter's application for Social Security Disability Benefits upon the finding that Carter was not disabled under the Social Security Act. Because we find that the Secretary's decision is supported by substantial evidence, and that the correct law was applied, we affirm.
 
 
 2
 * Carter filed her application for Social Security Disability Benefits in September 1991, claiming disability since July 10, 1989, because of a back and hip injury. At her hearing before an administrative law judge (ALJ) on September 22, 1992, the ALJ determined that while Carter could not perform her past relevant work, she was capable of performing a significant number of alternate, light duty jobs in the national economy. He concluded that neither the testimony of Carter, the vocational expert, nor the medical evidence, were sufficient to establish that Carter's impairments were disabling.
 
 
 3
 Carter claims that the ALJ's decision is not supported by substantial evidence; specifically, she asserts that the ALJ failed to follow the provisions of Social Security Ruling (SSR) 83-12 in determining, through the testimony of a vocational expert, that there were jobs available in the marketplace which Carter was capable of performing.
 
 
 4
 The language of 42 U.S.C.A. Sec. 405(g) (West Supp.1994), precludes a de novo review of the evidence and requires that this Court, like the district court, uphold the Secretary's decision that a claimant is not disabled if it is supported by substantial evidence, and if the correct law was applied. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990). The Supreme Court has defined substantial evidence as " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.' " Hays v. Sullivan, 907 F.2d at 1456 (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966)). This Court will not reweigh the evidence or substitute its judgment for that of the ALJ. Hays, 907 F.2d at 1456.
 
 II
 
 5
 Carter contends that she could only perform jobs that permitted sit/stand flexibility, as discussed in SSR 83-12. However, there is no medical opinion in the record that establishes that Carter needed a job where she could sit and stand at her own discretion. F. Baldwin Harrington, M.D., Carter's treating orthopedic surgeon, opined on July 20, 1989, that Carter was able to return to work light duty for ten days, sitting for eight hours, walking for six hours and standing for five hours intermittently in an eight-hour workday, five days per week. He then opined on August 4, 1989, that Carter could return to regular work one week from the date of that report, and after an intervening non-work related automobile accident, reinstated the July 1989 restrictions. Dr. Richard E. Ranels, Carter's treating neurologist, opined on several occasions that Carter could do light work without particular restrictions, despite her continuing pain complaints. Neither Dr. Mizra S. Baig (whose impressions were low back pain and myofascial pain protocol), nor Dr. Sunil Nath (who evaluated Carter for complaints of cardiac pain and shortness of breath) found any serious medical problem, and neither imposed restrictions on Carter's activities or work.
 
 
 6
 The record reflects that Carter's daily activities include cooking, washing dishes, vacuuming, laundry, driving locally, and shopping. She reads books and magazines, listens to music, and visits with her relatives. At the administrative hearing, Carter testified that she provided daily care for her mother in 1989-90, who ultimately died of cancer, and also worked as a companion/aide in a private home from March to May 1992; she worked three to four hours per day, four to five days per week. Carter also testified that she was able to walk one-half mile.*
 
 
 7
 Much of Carter's argument is premised on job structure and the necessity to sit and stand at her own discretion. However, none of the medical records in this case reflect that Carter needed to have this flexibility. As the district court found, two of Carter's treating physicians, Drs. Harrington and Ranels, concluded that Carter is able to be gainfully employed despite the pain she experiences. Further, a careful review of the testimony of the vocational expert reveals that, while he did testify that certain unskilled jobs generally did not permit an individual to change position at will, he never retracted his testimony that there were a significant number of office and cashier jobs that Carter could perform.
 
 
 8
 Finally, Carter asserted that the district court found, contrary to the evidence, that the individual jobs named by the vocational expert were exceptions to the SSR 83-12 general rule, thereby "impermissibly substitut[ing] his review judgment for that of the ALJ and reach[ing] an unsupported and inaccurate factfinding." The record reflects that although the magistrate judge discussed the jobs that the vocational expert discussed as job possibilities for Carter, and mentioned SSR 83-12, the magistrate judge did not make a finding in this regard, contrary to Carter's contention. Some of the jobs discussed by both the ALJ and the magistrate judge do contemplate some degree of flexibility in sitting and standing; however, neither the ALJ nor the magistrate judge found that Carter was restricted only to jobs having sit/stand flexibility at her discretion, as she contends.
 
 
 9
 The ALJ must consider objective medical facts and opinions and the diagnoses of treating and examining doctors, which constitute a major part of the proof in disability cases. McLain v. Schweiker, 715 F.2d 866, 869 (4th Cir.1983). Here, the ALJ found that the medical evidence supported Carter's ability to perform a full range of light work.
 
 
 10
 Based on a review of the record, we find that substantial evidence supports the Secretary's conclusion that Carter was not disabled for Social Security purposes. In reaching this conclusion, we further find that the ALJ properly considered the testimony of the vocational expert, and properly followed the provisions of Social Security Ruling (SSR) 83-12, in determining that there were jobs available in the marketplace which Carter was capable of performing. Consequently, we affirm the district court's order adopting the recommendation of the magistrate judge. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED.
 
 
 
 *
 While Carter claimed that she had trouble sleeping, and that she experienced occasional "black-outs," the record does not reflect that she ever voiced these complaints to any of her physicians