59 F.3d 165
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Linda F. CHILDERS-REESE, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 94-1376.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 31, 1995.
Decided June 21, 1995.
 
 Charles H. Cuthbert, Jr., CUTHBERT LAW OFFICES, Petersburg, Virginia, for Appellant. Charlotte Hardnett, Chief Counsel, Region III, Dorothea J. Lundelius, Division Chief, Deborah Fitzgerald, Assistant Regional Counsel, Office of the General Counsel, DEPARTMENT OF HEALTH AND HUMAN SERVICES, Philadelphia, Pennsylvania; Helen F. Fahey, United States Attorney, Deb Orah J. Prillaman, Assistant United States Attorney, Richmond, Virginia, for Appellee.
 OPINION
 Before WILKINS, NIEMEYER, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Linda Childers-Reese appeals the district court's refusal to disturb the Secretary's denial of disability benefits. She initially alleged that she became unable to return to her previous unskilled jobs, most of which required extensive standing, because of pain in her feet and legs. At the crux of this controversy, however, is not the physical pain Childers-Reese suffers, but rather, the extent to which her depression and borderline mental ability inhibit her ability to perform a job in the national economy.
 
 
 2
 Childers-Reese initially claims that the ALJ failed to follow the requirements of Walker v. Bowen, 889 F.2d 47 (4th Cir.1989), in eliciting the testimony of the vocational expert. The holding in Walker is designed to ensure that the vocational expert "knew what the claimant's abilities and limitations were" to guarantee that the expert's answers would be "useful." Walker, 889 F.2d at 51. The panel noted that the expert "must study the evidence of record" and base his or her opinion "on the claimant's condition as gleaned from the entire record," not just the claimant's testimony. Id.
 
 
 3
 Childers-Reese argues that the ALJ neglected to include the limitations from which Dr. Hagan concluded that she suffered. The ALJ's hypothetical included a reference to "anxiety and depression which is severe to the point of affecting her ability to think, concentrate, or reason." The ALJ's general statement necessarily subsumes the more specific conclusions of Dr. Hagan and is therefore sufficiently inclusive to satisfy the requirements of Walker. Further, it is clear from the transcript of the hearing that the expert "knew what the claimant's abilities and limitations were" because Childers-Reese's counsel brought Dr. Hagan's more specific conclusions to the expert's attention immediately after the ALJ asked the hypothetical. Counsel's questions and the ALJ's hypothetical ensured that the expert's testimony was "useful" in determining Childers-Reese's ability to work.
 
 
 4
 Further, when the ALJ asked, the vocational expert responded that he had reviewed "all of the medical evidence and other evidence in the file" at the initial hearing, and reviewed the additional "medical and other evidence" before the second hearing. The expert's testimony was grounded, therefore, not only in Childers-Reese's testimony at the hearings, but also in his review of the record. Despite the arguable deficiency of the ALJ's hypothetical, the expert's opinion was sufficiently informed to be "useful," and there was no error that would require this Court to remand the case.
 
 
 5
 Childers-Reese next claims that the administrative law judge's decision is not supported by substantial evidence. This Court, like the district court, will uphold the Secretary's disability determination if it is supported by substantial evidence. 42 U.S.C. Sec. 405(g) (1988). The Supreme Court defined substantial evidence as " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.' " Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990) (quoting Laws v. Celebrese, 368 F.2d 640, 642 (4th Cir.1962)).
 
 
 6
 As the presiding officer at the administrative hearing, the administrative law judge makes factual determinations and resolves evidentiary conflicts, including inconsistencies in the medical evidence. Reviewing courts do not weigh evidence anew or substitute their judgment for that of the Secretary, provided that substantial evidence supports the Secretary's decision. Hays, 907 F.2d at 1456. Because substantial evidence supports the ALJ's findings here, there is no reason for this Court to disturb the decision of the Secretary.
 
 
 7
 The ALJ must consider objective medical facts and opinions and the diagnoses of treating and examining doctors, which constitute a major part of the proof in disability cases. McLain v. Schweiker, 715 F.2d 866, 869 (4th Cir.1983). Dr. Tawfick, a family doctor, noted only Childers-Reese's difficulty with her feet. Dr. Stout, another general practitioner, found no reason for her disability claim other than his inexpert opinion that she was mildly retarded and depressed. Dr. Hagan, in diagnosing Childers-Reese's depression, concluded nonetheless that she was capable of some work, however menial. The vocational expert testified that depending on the extent of Childers-Reese's impairment, she would be able to perform an unskilled sedentary job. Dr. Jarrell stood essentially alone in expressing the unqualified opinion that Childers-Reese's non-exertional limitations would prohibit her from performing any work. His conclusions were based only on a review of portions of Dr. Hagan's report. The ALJ's decision regarding Childers-Reese's impairments was supported by substantial evidence.
 
 
 8
 Childers-Reese's argument rests on a tortured reading of the ALJ's opinion. She contends that the ALJ relied only on the opinion of Dr. Hagan, a psychologist, in determining whether suitable jobs existed in significant numbers in the national economy. She complains that the record contains "no evidence" regarding the existence of specific jobs. This argument is simply and completely refuted by the fact that in addition to Dr. Hagan's report, the ALJ explicitly relied on the hearing testimony of the vocational expert. His testimony was based not only on several hypotheticals posed by the ALJ, but also on the medical evidence of record including Dr. Hagan's report. ChildersReese's argument is without merit.
 
 
 9
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED