**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOSEPH R. HAWKINS,
Plaintiff-Appellant,

v.

No. 98-1450

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
W. Curtis Sewell, Magistrate Judge.
(CA-97-431-A)

Submitted: December 29, 1998

Decided: January 20, 1999

Before MURNAGHAN, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Roger Nord, Fairfax, Virginia, for Appellant. James A. Winn, Chief
Counsel, Patricia M. Smith, Deputy Chief Counsel, Eda L. Giusti,
Assistant Regional Counsel, Office of the General Counsel, SOCIAL
SECURITY ADMINISTRATION, Philadelphia, Pennsylvania; Helen
F. Fahey, United States Attorney, Arthur Peabody, Jr., Assistant
United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Joseph Hawkins appeals the decision of the magistrate judge*
granting summary judgment in favor of the Commissioner of Social
Security, and upholding the Commissioner's denial of Hawkins'
application for social security disability insurance benefits because
Hawkins was not disabled under the Social Security Act at the time
his disability benefits insurance expired. Because we find the Com-
missioner's decision to be supported by substantial evidence, we
affirm.

Hawkins filed his application for social security disability benefits
on November 15, 1991, claiming disability since June 15, 1971, due
to major depression and schizotypal personality disorder. His last
insured date was March 31, 1975. At a hearing before an administra-
tive law judge (ALJ) on July 15, 1992, the ALJ determined that Haw-
kins was performing substantial gainful activity as a self-employed
sole proprietor in real estate transactions during the relevant period
from 1971 to 1975, and as such, was not entitled to benefits under the
act. On review, the Appeals Council remanded the case to the ALJ for
further development of the record pertaining to Hawkins' 1971 to
1975 work activity and income. On remand, the ALJ determined that
Hawkins' work activity did not amount to substantial gainful activity
but denied benefits nonetheless because Hawkins had failed to show
that he was under a disability as of the last date of his insured cover-
age in 1975. The Appeals Council denied Hawkins' request for
review, and Hawkins filed this action in the district court. The district
court granted a motion by the Commissioner for summary judgment;
Hawkins appeals.

_____

*The parties consented to the magistrate judge's jurisdiction. See 28
U.S.C. § 636(c) (1994).

Hawkins claims that the ALJ's decision is not supported by substantial evidence. The language of 42 U.S.C.A. § 405(g) (West Supp. 1998) requires that this Court, like the district court, uphold the Commissioner's decision that a claimant is not disabled if that decision is supported by substantial evidence, and if the correct law was applied. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The Supreme Court has defined substantial evidence as "`such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is `substantial evidence.'" Hays v. Sullivan, 907 F.2d at 1456 (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). This Court will not reweigh the evidence or substitute its judgment for that of the ALJ. Hays, 907 F.2d at 1456.

In the instant matter, the ALJ determined that Hawkins had not engaged in substantial gainful activity since 1971, and that Hawkins currently has the impairments of major depression and personality disorder. However, the ALJ also determined that there was no adequate showing that any impairments existed as of 1975 when Hawkins' insured status terminated, and that even if such impairments existed, they did not significantly limit his ability to do alternative work.

Through counsel, Hawkins assigns error to the ALJ's decision to disregard the "overwhelming and uncontradicted" "medical evidence." (Appellant's Brief at 13). Specifically, he cites to the opinions of Drs. Samuel Levinson and David A. Lanham who examined Hawkins in support of his 1991 claim and determined that between 1971 and 1975, Hawkins was disabled. Dr. Levinson evaluated Hawkins in January of 1992 and submitted a written report in which he diagnosed major depression and schizotypal personality disorder. This combination, Dr. Levinson suggests, has incapacitated Hawkins from participating in gainful employment since 1971. Dr. Lanham also evaluated Hawkins in January of 1992 and likewise diagnosed similar disorders: major depression and personality disorder "not otherwise specified."

3

Dr. Lanham concluded that these disorders existed prior to 1975 and that they had caused Hawkins to leave his last job in 1971.

It is essential that an ALJ consider objective medical facts and opinions of treating and examining doctors. See McLain v. Schweiker, 715 F.2d 866, 869 (4th Cir. 1983). Nonetheless, proffered medical opinions are not dispositive. The implementing regulations of the Social Security Act make clear that the Commissioner is ultimately "responsible for making the determination or decision about whether you meet the statutory definition of disability . . . . A statement by a medical source that you are `disabled' or `unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. § 404.1527(e)(1) (1998).

After reviewing the record, we conclude that the ALJ accorded the proper weight to the submissions by Drs. Lanham and Levinson. Neither of the reports reflects the opinion of a treating physician. See 20 C.F.R. § 404.1527(d) (1998). To the contrary, both doctors were consulted for the first time in 1991 as a prelude to this litigation. Although neither doctor had any experience with Hawkins during the relevant time period, each doctor, relying solely on the representations of Hawkins himself, came to the conclusion that he was disabled at the time of the expiration of his benefits in 1975. The ALJ properly discounted these findings based on several facts. First, the doctors' reports were not based on any medical testing or evaluations performed during the time period between 1971 and 1975. Second, Hawkins failed to report to either doctor his activities as the sole proprietor of a business engaged in real estate investments during that time. Third, Hawkins displayed inconsistencies in reporting a history of substance abuse to one doctor but not the other. As such, the ALJ was within his authority to discount the doctors' submissions.

The remaining evidence failed to make out a case for disability during the relevant time frame. The ALJ found that even if Hawkins' proffered evidence was taken at face value, he was nevertheless qualified to do alternative work at the time of the expiration of his insured benefits. See 42 U.S.C.A. § 423(a), (c) (West Supp. 1998) (providing that claimant must show he was disabled prior to the date of expiration of his insured status to be awarded disability insurance benefits). The ALJ received testimony from a vocational expert who considered

4

Hawkins' self-described disabilities and concluded that he would have been qualified for alternative work accommodating his need to avoid stress and interaction with others.

Based on a review of the record, we find that substantial evidence supports the Commissioner's conclusion that Hawkins was not disabled for social security purposes as of March 31, 1975. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED