**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

HENRY TANNER,
<u>Plaintiff-Appellant,</u>

v.

No. 95-3058

SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Jerry D. Hogg, Magistrate Judge.
(CA-95-242-2)

Submitted: September 20, 1996

Decided: October 3, 1996

Before NIEMEYER, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Belinda S. Morton, Fayetteville, West Virginia, for Appellant.
Charlotte Hardnett, Chief Counsel, Region III, Shawn Carver, Assis-
tant Regional Counsel, Office of General Counsel, SOCIAL SECUR-
ITY ADMINISTRATION, Philadelphia, Pennsylvania; Rebecca A.
Betts, United States Attorney, Stephen M. Horn, Assistant United
States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Henry Tanner appeals the magistrate judge's refusal to disturb the Secretary's determination that he was not entitled to supplemental security income benefits.* In support of his appeal, Tanner contends that the Secretary's decision was not supported by substantial evidence. Tanner also objects to the weight the administrative law judge (ALJ) assigned to his own testimony denying any mental disability. This court, like the district court, will uphold the Secretary's disability determination if it is supported by substantial evidence. 42 U.S.C. § 405(g) (1994); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987); see Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is `substantial evidence.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Laws v. Celebrese, 368 F.2d 640, 642 (4th Cir. 1962)). Because substantial evidence supports the ALJ's findings here, there is no reason to disturb the decision of the Secretary. Accordingly, we affirm the magistrate judge's order.

In a disability case, the ALJ must consider objective medical facts and opinions and the diagnoses of treating and examining doctors, which constitute a major part of the proof in disability cases. McLain v. Schweiker, 715 F.2d 866, 869 (4th Cir. 1983). Here, the medical evidence of record was divided, but sufficiently supported the ALJ's conclusion that Tanner was not mentally disabled. Tanner's own testimony denying any mental disability notwithstanding, the evidence of record supports the ALJ's finding.

_____

*The parties consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c) (1994).

2

After a protracted evaluation at Huntington State Hospital, Dr. Galvez concluded that Tanner exhibited no psychiatric symptoms, nor was there any evidence to substantiate a previous diagnosis of psychiatric disorders. A psychologist also evaluated Tanner and reported that he was an appropriate candidate for rehabilitation services without recommending specific psychiatric treatment. Since his stay at the state hospital, Tanner has not undergone any psychiatric treatment or taken medication to treat any mental or emotional problem. Although Tanner's anti-social behavior following the initial denial of benefits is some evidence of instability, there is substantial evidence to support the ALJ's conclusion that Tanner was not mentally disabled. Consequently, we decline to disturb the Secretary's decision denying Tanner's benefits.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3